UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE MOLINA,

      Plaintiff,

v.                                                                    Case No. 8:22-cv-2253-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

      Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.**    **Procedural Background**

As an initial matter, Plaintiff was found disabled as of January 1, 2020, but the period of time at issue now is October 1, 2012, through December 31, 2019. Relevant here, Plaintiff filed an application for period of disability and SSI (Tr. 283). The Social Security Administration ("SSA") denied Plaintiff's claims both initially

---

[1] Dr. Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

and upon reconsideration (Tr. 189, 220–25). Plaintiff then requested an administrative hearing (Tr. 226). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 269–73). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 1092–1111). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1112–18). Plaintiff then timely filed a complaint with this Court. This Court remanded the case to the Appeals Council on October 21, 2021 (Tr. 1124–25). The Appeals council sent the case back to the Office of Hearings Operation. A hearing was held on June 21, 2022 (Tr. 1189–1213). There, the ALJ concluded that Plaintiff was not entitled to a period of disability and SSI between October 1, 2012, and December 31, 2019 (Tr. 1036–63). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1970, claimed disability beginning October 1, 2012 (Tr. 283). Plaintiff obtained a GED (Tr. 342). Plaintiff's past relevant work experience included work as an office and hotel housekeeping supervisor (Tr. 348–55). Plaintiff alleged disability due to multiple physical and mental conditions, including anxiety, diabetes, and a herniated disc (Tr. 341–47).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements[2] and had not engaged in substantial gainful activity since October 1, 2012, the alleged onset date (Tr. 1043). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease in the lumbar spine; osteoarthritis of the right knee; diabetes mellitus; neuropathy; vision deficits, status post right eye implant; major depressive disorder; generalized anxiety disorder; and alcohol abuse (Tr. 1043). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 1043–47). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform

> sedentary work as defined in 20 CFR 416.967(a) with the following additional limitations: never climbing ladders, ropes, or scaffolds; no more than occasional climbing of ramps/stairs, crawling, crouching, kneeling, and stooping; no more than frequent balancing; no more than a concentrated exposure to extreme temperatures, humidity, and wetness; limited to work that does not require more than frequent fingering with the right hand, that is fine manipulation no smaller than the size of a paper clip; no more than frequent handling of objects with the right hand that is gross manipulation; further limited to occupations requiring no more than frequent near acuity, far acuity, peripheral acuity, and depth perception with the right eye; further limited to work that is simple as defined in the Dictionary of Occupational Titles as SVP levels 1 and 2, routine and repetitive tasks in a work environment free of fast-paced production requirements, which is defined as constant activity with work tasks performed in rapid succession involving only simple work related decisions with

---

[2] The date for which Plaintiff had met the insured status requirements through is not listed in the record but only states that the requirements were met (Tr. 1227).

few, if any, workplace changes; and no more than occasional interaction with supervisors, co-workers, and the general public.

(Tr. 1047). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her physical and mental symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 1050).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform relevant past relevant work as actually or generally performed (Tr. 1051–52). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a waxer, a final assembler, and a stuffer (Tr. 1052–53). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 1053).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical,

physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20

C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by failing to adequately address her visual impairments. For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is by substantial evidence.

Plaintiff's sole argument is that the ALJ failed to accurately reflect the claimant's visual condition, and therefore, the residual functional capacity findings were improper. In support, Plaintiff refers to medical history from June 2021 that is not part of the records under the instant claim. Yet, Plaintiff notes that remand is proper irrespective of the June 2021 records and that this Court need not address whether the ALJ erred by failing to consider such records. The Commissioner counters that the ALJ appropriately considered Plaintiff's visual impairments and

the ALJ's decision is supported by substantial evidence. Further, the Commissioner argues that even if Plaintiff contends that this Court should factor in the June 2021 records, that Plaintiff has failed to establish that the additional evidence warrants remand.

As an initial matter, since this case was remanded by this Court in October 2021, the ALJ has authored two decisions concerning Plaintiff's determination of disability. In the July 2022 decision, the ALJ adopted by reference all of the testimony, exhibits, and evidence summaries, but not the conclusions and findings, relating to the prior hearing in the vacated decision from December 2019 (Tr. 1042). The ALJ determined that Plaintiff had "vision deficits, status post right eye implant" at step two in the sequential evaluation process (Tr. 1043). The ALJ also accounted for Plaintiff's vision deficits in the RFC assessment: occupation requiring no more than frequent near acuity, peripheral acuity, and depth perception with right eye (Tr. 55, 1047).

With regard to the medical record evidence, the ALJ noted Plaintiff's cataract surgery with an intraocular lens (IOL) implant in the right eye in November 2018 to treat blurred vision and another surgery in January 2019 (Tr. 57–58, 1049–50, 985–95, 999–1010). The ALJ stated that there was only one post-op visit and other subsequent records rarely reported problems with vision (Tr. 58, 982–86, 1042). For example, in Plaintiff's evaluation at Chrysalis Health in August 2019, Plaintiff made several subjective complaints but did not report impaired vision. Further, the

records from Dr. Diwadkar in July 2019[3] do not report complaints of impaired vision (Tr. 58, 948–49). The ALJ also noted in Plaintiff's October 2019[4] records from Nodal Medical Center there were not findings indicating limitations due to impaired vision (Tr. 58, 1033–35).

Turning to the subjective complaints, Plaintiff testified at the November 2019 hearing that she a right eye infection after her second surgery (Tr. 86). The ALJ also recognized that the claimant testified in the June 2022 hearing about having problems with her right eye that prevented her from reading a newspaper or reading a traffic sign (Tr. 1048). Ultimately, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record for the period in question (Tr. 1050).

This Court must determine if the ALJ's decision is support by substantial evidence. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). In light of the arguments and evidence in the record, the ALJ's decision is supported by substantial evidence. Plaintiff's argument that the ALJ's decision did not accurately reflect her visual condition essentially

---

[3] The ALJ incorrectly labels this report as from July 2018 but cites to the correct exhibit.
[4] The ALJ incorrectly labels this report as from October 2018 but cites to the correct exhibit.

9

Case 8:22-cv-02253-AEP   Document 21   Filed 12/29/23   Page 10 of 13 PageID 1406

invites this Court to reweigh the evidence in the record. This Court is not permitted to engage in such an exercise.

In both decisions the ALJ recognized Plaintiff's medical history and subjective complaints related to her visual impairments (Tr. 55, 57–58, 1042–43, 1047–50). Additionally, when examining Plaintiff and the vocational expert at both hearings, the ALJ noted Plaintiff's visual impairments and the impact on her RFC and transferability of job skills determination (Tr. 71, 88–89, 91, 93, 95, 1067, 1076–77, 1082–83, 1085). The ALJ addressed Plaintiff's subjective complaints about her visual impairment from the November 2018 and June 2022[5] hearings (Tr. 57–58, 1048, 1050). Nevertheless, there are no contemporaneous records to indicate that Plaintiff attempted to disclose this infection with medical personnel (Tr. 56–58, 948–49, 954–68, 1028–35, 1050–51). In any event, for the purposes of this matter, Plaintiff's June 2022 testimony is chronologically irrelevant to the extent that it references her visual impairment symptoms at that time (Tr. 1071). The issue in disability cases is whether a claimant was "entitled to benefits during a specific time period." *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999). Here, Plaintiff is attempting to claim disability benefits for the time period between October 1, 2012, and December 31, 2019 (Tr. 1039). Thus, medical evidence and Plaintiff's testimony referring to symptoms after December 31, 2019, may not be considered. Accordingly, the ALJ's consideration of Plaintiff's visual impairments is supported by substantial evidence.

---

[5] The ALJ incorrectly labels this testimony as from January 2020.

Finally, although Plaintiff states that this Court need not address the June 2021 report attached to her brief, this Court finds it necessary to provide a cursory analysis as to the consideration of this new evidence to issue a comprehensive Order. Evidence submitted to the district court must be considered to determine whether remand is appropriate if such evidence was properly submitted to the Appeals Council. *Ingram v. Comm'r Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007). Plaintiff did present new evidence to the Appeals Council to be considered for its July 2020 decision (Tr. 2, 6). The Appeals Council ultimately admitted Plaintiff's January 2020 Request for Review, the November 2019 post-hearing memorandum, and the January 2020 Representative Brief (Tr. 6). However, the Appeals Council declined to admit Plaintiff's April 2020 medical records because the evidence did not relate to the period at issue ending in December 2019 (Tr. 2). It follows then that this Court will not consider the June 2021 medical record attached to Plaintiff's brief because (1) it was not presented to the Appeals Council in their most recent decision; and (2) it falls outside of the relevant period of time at issue.

Even so, this Court may still consider this evidence under sentence six of 42 U.S.C. § 405(g). *See Ingram*, 496 F.3d at 1267. "A remand to the Commissioner is proper under sentence six when new material evidence that was not incorporated into the administrative record for good cause comes to the attention of the district court." *Id.* To satisfy this standard,

> the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative

11

    so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level.

*Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir.1986)). Again, following the logic of the Appeals Council in its consideration of the April 2020 records, this Court may not consider Plaintiff's June 2021 as new evidence for the purposes of remand for want of chronological relevance. Moreover, Plaintiff even concedes that this June 2021 evidence merely "*may* shed light on the severity of claimant's impairments prior to January, 2020." (emphasis added). The content of the June 2021 record details Plaintiff's visual impairment at that time and makes no mention of its relation back prior to December 31, 2020. Thus, this new medical evidence is outside of the period of time at issue and will not be considered by this Court for remand under sentence six for lack of materiality and relevance. *See* 42 U.S.C. § 405(g); *Milano*, 809 F.2d at 766.

## IV.

  The Court finds the ALJ's consideration of Plaintiff's visual impairments in the decision of disability is supported by substantial evidence. Specifically, the ALJ evaluated the medical evidence in relation to Plaintiff's subjective complaints of visual deficits when deciding her disability status. The task of this Court is not to reweigh the evidence or substitute its own judgment for that of the ALJ. *Winschel*, 631 F.3d at 1178. The Court may only consider whether the ALJ's decision is supported by substantial evidence, which it is here.

  Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 29th day of December, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record